UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-cv-243-MOC-WCM

| | |
|---|---|
| BIG C, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| ) | |
| GRAHAM COUNTY LAND ) | |
| COMPANY, LLC, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court upon the Motion for Default Judgment [D.E. 9] and accompanying Memorandum of Law in Support of Motion for Default Judgment [D.E. 10] filed by Plaintiff Big C, LLC, requesting entry of judgment, by default, against Defendant Graham County Land Company, LLC ("Defendant") pursuant to FED. R. CIV. P. 55(b).

Based upon the record, the verified allegations contained in the Complaint [D.E. 1], and the Declaration of Ricky Cline, the Court makes the following FINDINGS OF FACT and CONCLUSIONS OF LAW:

1. This Court has jurisdiction over Defendant pursuant to FED. R. CIV. P. 4(k)(1)(a) and N.C. GEN. STAT. § 1-75.4, as it has engaged in substantial activity within the State of North Carolina and this action arises out of services performed for Defendant, by Plaintiff, in the State of North Carolina.

2. Subject-matter jurisdiction of this action is conferred upon and vested in this Court pursuant to, and by virtue of, inter alia, 28 U.S.C. § 1332, based upon the complete diversity of citizenship and the amount in controversy exceeding the statutorily proscribed amount of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

3. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b)(1), as Defendant resides or regularly conducts its respective business operations and affairs in Graham County, North Carolina, which is located within this judicial district.

4. On or about April 27, 2021, Plaintiff and Defendant executed a Subcontract Agreement (the "Contract"), under which Plaintiff—as the subcontractor—was to perform certain work that Defendant was required to perform under a Prime Contract that it possessed with the North Carolina Department of Transportation (the "NCDOT"), NCDOT Contract D5POC121 (the "NCDOT Contract" or the "Prime Contract"), specifically, the removal, hauling and disposal of vegetative debris in Person County, North Carolina, in exchange for the payment by Defendant of the unit price and sum of $7.00 per cubic-yard of vegetative debris.

5. Between April 25, 2021, and May 29, 2021, Plaintiff removed and hauled thousands of cubic-yards of vegetative debris from Person County, North Carolina and, at the previously established unit price of $7.00 per cubic-yard, was entitled to payment from Defendant in the amount of $491,100.74, of which the sum of $241,669.00 was received, leaving an outstanding balance due and owing to Plaintiff in the amount of $249,431.74.

6. Despite accepting and agreeing to pay for the services provided by Plaintiff under the Contract, Compl. [D.E. 1], at ¶ 25, and being invoiced for those amounts due and owing thereunder, Defendant refused and failed to pay Plaintiff for all of the vegetative debris hauling services that were provided pursuant to the Contract, the balance of which is $249,431.74.

7. Plaintiff commenced the above-captioned civil action against Defendant, through the filing of the Complaint [D.E. 1] on September 13, 2021, seeking actual damages, costs, and reasonable attorneys' fees arising from, inter alia, (a) breach of contract or, in the alternative, quantum meruit/unjust enrichment; and (b) account stated against Defendant in the amount of at least $249,431.74. Thereafter, on September 14, 2021, the Clerk of the United States District Court for the Western District of North Carolina, issued a Summons in a Civil Action [D.E. 4] (the "Summons").

8. Copies of the Summons and the Complaint, issued and filed in the above-captioned civil action, were served upon Defendant on September 17, 2021, in accordance with FED. R. CIV. P. 4(e) and (h), via overnight mail delivery through United Postal Service ("UPS"), to the registered agent of Defendant with the North Carolina Secretary of State.

9. On October 21, 2021, and at the request of Plaintiff, the Clerk of the United States District Court for the Western District of North Carolina, made the Entry of Default [D.E. 8] against Defendant pursuant to FED. R. CIV. P. 55(a).

10. Defendant has failed to plead, appear, or otherwise respond to the allegations advanced by Plaintiff in the Complaint [D.E. 1] and it is neither an infant, incompetent, nor otherwise under any disability.

11. To date, and despite being afforded every opportunity, Defendant has not answered, responded, or otherwise objected to the relief sought by Plaintiff in the Complaint or in the Motion for Default Judgment currently before the Court.

12. On account of Defendant's failure to answer or otherwise respond to the Complaint [D.E. 1], and the Entry of Default [D.E. 8], all of the allegations contained in the Complaint [D.E. 1] are deemed admitted by Defendant.

13. Good and sufficient cause exists, as demonstrated by Plaintiff, for entry of this judgment against Defendant, by default, pursuant to FED. R. CIV. P. 55(b).

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED**:

1. The Motion for Default Judgment is **GRANTED**.

2. Plaintiff is hereby awarded a monetary judgment against Defendant in the amount of ($249,431.74), plus interest accruing at the rate of 1.67% per annum pursuant to 28 U.S.C. § 1961, from July 7, 2021, until paid in full, together with reasonable attorneys' fees, costs, and expenses in the amount of $37,414.76, pursuant to N.C. GEN. STAT. § 6-21.2.

Signed: May 6, 2022

Max O. Cogburn Jr
United States District Judge